UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-21598-CIV-MOORE/GARBER

FELIX LOPEZ,

    Plaintiff,

vs.

TOP CHEF INVESTMENT, INC. d/b/a CHEF
JULITO'S, and ANIBAL SANTOS,

    Defendants.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendants' Motion for Summary Judgment (dkt # 15).

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. Introduction

Plaintiff Felix Lopez ("Plaintiff") was employed by Defendants Top Chef Investment, Inc. d/b/a Chef Julito's and Anibal Santos ("Defendants") as a cook in the kitchen of Defendants' restaurant. Plaintiff initiated this action seeking to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("the FLSA"). Defendant brought this Summary Judgment Motion arguing that the Court lacks FLSA jurisdiction because the restaurant did not have revenues in excess of $500,000.00 and because Plaintiff was not engaged in interstate commerce.

### II. Standard of Review

The applicable standard for reviewing a summary judgment motion is unambiguously

stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could

reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

**III.   Discussion**

"Under the FLSA, an employer is required to pay overtime compensation if the employee can establish enterprise coverage or individual coverage." Thorne v. All Restoration Services, Inc., 448 F.3d 1264, 1265–66 (11th Cir. 2006). For "individual coverage" to apply under the FLSA, an employee must have been (1) engaged in commerce or (2) engaged in the production of goods for commerce. 29 U.S.C. § 207(a) (stating "no employer shall employ any of his employees who . . . is engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours unless such employee received compensation . . . at a rate no less than one and one-half times the regular rate").

For individual coverage, "[a]n employee is engaged in commerce if he is engaged in activities that constitute interstate commerce, not merely affect it." Thompson v. Robinson, Inc., No. 06-CV-771, 2007 WL 2714091, at *3 (M.D. Fla. Sept. 17, 2007) (citing Thorne, 448 F.3d at 1266). "An employee must 'directly participat[e] in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, . . . or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.'" Id. "Goods cease to move in interstate commerce once they reach the customer for whom they are intended." Id. (citing Thorne, 448 F.3d at 1267). Thus, an employer who "purchases goods that previously moved in interstate commerce for intrastate use" or an employee who "engage[s] in any further intrastate movement of the goods [is] not covered under the Act." Id.

3

In this case, Plaintiff was a cook preparing food for customers in a local restaurant. Plaintiff alleges that he was individually engaged in commerce because he cooked food that had passed in interstate commerce. Pl. Resp. at 2–3 ("Plaintiff handled goods that were in the stream of interstate commerce on their way to their final consumer, the restaurant's customer."). However, it appears that the restaurant prepared food to be served in the local restaurant; Plaintiff does not allege that the food later returned to interstate commerce. The mere fact that the food may have passed in interstate commerce prior to arriving at the restaurant does not mean that the Plaintiff was engaged in commerce for individual coverage. Thompson, 2007 WL 2714091, at *3; Si v. CSM Inv. Corp., No. C-06-7611, 2007 WL 1518350, at *3 (N.D. Cal. May 22, 2007) ("The occasional service of food to people traveling interstate and the handling of food that was moved interstate is insufficient to establish that the individual employee is engaged in commerce.") (citing McLeod v. Threlkeld, 319 U.S. 491, 494 (1943); *see also* Russell v. Continental Restaurant, Inc., 430 F. Supp. 2d 521, 525–27 (D. Md. 2006); Lamont v. Frank Soup bowl, Inc., 2001 WL 521815, at *2 (S.D.N.Y. May 16, 2001); Xelo v. Mavros, 2005 WL 2385724, at *4–5 (E.D.N.Y. Sep 28, 2005)). However, the employees are still covered if the employer is covered as an enterprise.

For "enterprise coverage" to apply under the FLSA, the enterprise must have (1) employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) annual gross volume of sales made or business done is not less than $500,000. 29 U.S.C. §203(s). For enterprise coverage, "the goods must have moved in commerce *at some time; they do not have to be currently moving* in commerce."

Thompson, 2007 WL 2714091, at *3 (citing Brennan v. Greene's Propane Gas Serv., Inc., 479 F.2d 1027, 1030–31 (5th Cir. 1973)) (emphasis added). The Court finds it reasonable to infer that some of the goods used in the Restaurant moved in interstate commerce before they were delivered to the Restaurant, so the first prong of enterprise coverage is satisfied. However, Plaintiff must still prove Defendants' total business exceeded $500,000. Id.; *see also* Thorne, 448 F.3d at 1265–66 (11th Cir. 2006).

Defendant has submitted a tax return from 2006 and financial statements from June 30, 2007. The 2006 tax return reports Defendants' gross income as $98,919.00. The 2007 financial statements report Defendants' gross income as $49,528.95 for the first six months of 2007. These strongly support Defendants' contention that its total business did not exceed $500,000 for the years in question. In response, Plaintiff asserts that Defendants' have understated their income on their tax return and in the financial statements. Plaintiff submits his own affidavit stating, "I have personal knowledge as to earnings of $1,500.00 a day [$547,500 a year] including cash receipts." However, Plaintiff's statement is conclusory and gives no indication of how he, working only as a cook in the kitchen, has personal knowledge of the Defendants' earnings. It seems unreasonable to credit Plaintiff's conclusory assertion that Defendants' understated their income by over $440,000 on their federal tax return. *See* Thompson, 2007 WL 2714091, at *2, n.2 (rejecting similar argument and granting summary judgment).

## IV.     Conclusion

For the foregoing reasons, the Court holds that Defendants have met their burden to demonstrate that individual and enterprise coverage do not apply and that summary judgment is appropriate. Plaintiff has not adequately refuted Defendants' showing. Therefore, it is

5

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (dkt # 15) is GRANTED. The Clerk of Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of November, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record